E. CUMMINGS *v.* J. T. APPLEGATE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—351.]

**Principal and Surety.**
   Where the holder of the prior lien was the surety of the purchaser
   at the sale of the real estate, it was as much his duty as it was the
   principal's to pay the purchase money, and both being before the court
   and failing to comply with their covenant, the chancellor had the
   power and it was proper for him to direct a sale to pay the debt.

APPEAL FROM PENDLETON CIRCUIT COURT.

October 15, 1880.

OPINION BY JUDGE PRYOR:

   Chalfont, the holder of the prior lien, was the surety of Applegate,
the purchaser, at the first decretal sale. It was as much his duty as
Applegate's to pay the purchase money, and both being before the
court by the rule, and failing to comply with their covenant, the
chancellor had the power, and not only so, but it was proper, to direct
a sale to pay the Rodman debt, and the fact that the surety had taken
the benefit of the bankrupt law can make no difference. The pro-
ceeds of the last sale should have been applied to Rodman's lien,
and the relation then existing between the purchaser, Applegate, and
his surety or the assignee of the latter in regard to this land is not a
question before the court.
   Judgment *affirmed.*
   *J. W. Bryan, for appellant.*
   *L. T. Applegate, Clark & Simon, for appellees.*